J-S19027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                                      :                PENNSYLVANIA
                                                      :
                              v.                      :
                                                      :
                                                      :
                                                      :
ANTHONY KENNETH BOGGS,                    :
                                                      :
                    Appellant.                   :    No. 3611 EDA 2018

Appeal from the PCRA Order Entered, November 28, 2018,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s):  CP-15-CR-0000505-1997.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY KUNSELMAN, J.:                        **FILED MAY 31, 2019**

Anthony Kenneth Boggs appeals *pro se* from the order that denied as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A.  §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On March 25, 1998, a jury convicted Boggs of first-degree murder in the shooting of Raymond Parks.  At the time of the victim's murder, Boggs was approximately 18½ years old.  Because the jury could not reach a unanimous decision during the penalty phase, the trial court, on April 1, 1998, imposed the mandatory term of life in prison without the possibility of parole.  Boggs filed a timely appeal to this Court, and, on January 14, 1999, we affirmed his judgment of sentence.  ***Commonwealth v. Boggs***, 736 A.2d 678 (Pa. Super. 1999) (unpublished memorandum).  On July 12, 1999, our Supreme Court denied

_____

* Retired Senior Judge assigned to the Superior Court.

his petition for allowance of appeal.  ***Commonwealth v. Boggs***, 740 A.2d 1143 (Pa. 1999).

On February 10, 2000, Boggs filed a timely *pro se* PCRA petition and an amended petition on June 22, 2001.  The PCRA court appointed counsel, who later withdrew, and the PCRA court appointed new counsel.  On October 18, 2002, PCRA counsel filed an amended PCRA petition, and later "a supplemented and corrected" amended PCRA petition.  Over the course of a four-month period, the PCRA court held several evidentiary hearings.  On June 12, 2003, the PCRA court ultimately denied Boggs' PCRA petition.  Boggs filed an appeal to this Court.  We affirmed the denial of post-conviction relief on July 13, 2004, and our Supreme Court denied his petition for allowance of appeal *nunc pro tunc* on November 24, 2004.  ***Commonwealth v. Boggs***, 859 A.2d 826 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 190 MM 2004 (Pa. 2004).

Thereafter, Boggs unsuccessfully sought relief in the federal courts.  On December 15, 2009, he also filed a motion for DNA testing, which the PCRA court denied on July 1, 2010.  Boggs also unsuccessfully sought post-conviction relief in PCRA petitions he filed in 2015 and 2017.  On July 30, 2018, Boggs filed the *pro se* PCRA petition at issue, his fourth.  After the Commonwealth filed an answer to the petition, the PCRA court, on September 18, 2018, issued Pa.R.Crim.P. 907 notice of its intention to dismiss Boggs' fourth PCRA petition as untimely filed.  Boggs filed a response.  By order entered November 28, 2018, the PCRA court denied Boggs' serial petition.

This appeal followed. Both Boggs and the PCRA court have complied with Pa.R.A.P. 1925.[1]

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Before addressing the merits of Boggs' substantive claims on appeal, we must first address whether the PCRA court correctly concluded that Boggs' serial PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections

---

[1] The PCRA court asserts that we should quash Boggs' appeal because he failed to serve the court with a copy of his Rule 1925(b) statement. ***See*** PCRA Court Opinion, 1/11/19, at 1 n.1. Boggs' omission should result in waiver of all his appellate issues. ***See generally***, ***Commonwealth v. Hooks***, 921 A.2d 1199 (Pa. Super. 2007). As discussed, ***infra***, because Boggs did not file his petition in a timely manner, we do not reach his substantive issues.

9545(b)(1)(i), (ii), and (iii), is met.[2]  42 Pa.C.S.A. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***See Hernandez***, 79 A.3d 651-52 (citations omitted); ***see also*** 42 Pa.C.S.A. § 9545(b)(2).[3]  Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).  Pennsylvania law makes clear that no court has jurisdiction

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[3] Our legislature recently amended this section of the PCRA to provide petitioner's one year to file a petition invoking a time-bar exception. ***See*** Act of 2018, October 24, P.L. 894, No. 146.  This amendment does not apply to Boggs' serial petition.

to hear an untimely PCRA petition. *See Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003).

Here, Boggs' judgment of sentence became final on October 7, 1999, ninety days after our Supreme Court denied his petition for allowance of appeal, and the time to file a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, Boggs had until October 7, 2000, to file a timely petition. As he filed the petition at issue in 2018, it is untimely unless Boggs has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Boggs has failed to establish any exception to the PCRA's time bar. He attempts to argue that he is entitled relief under the United States Supreme Court's recent decisions that held that mandatory life without parole sentences for juveniles was unconstitutional. *See generally*, *Miller v. Alabama*, 567 U.S. 460 (2012); *see also Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718 (2016) (applying the *Miller* decision retroactively). Unfortunately, for Boggs, he did not file his fourth petition within 60 days of when such claims could have been first brought. Thus, the PCRA court lacked authority to address the substantive merits of Boggs' claims. *See generally*, *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

This Court has previously held that the date upon which *Montgomery* had been decided is to be the date used when applying the sixty-day rule to

determine if a PCRA petition raising a *Miller*/*Montgomery* claim is timely. *Commonwealth v. Secreti*, 134 A.3d 77, 82 (Pa. Super. 2016). The United States Supreme Court decided *Montgomery* on January 25, 2016, and Boggs did not file his serial PCRA petition at issue until July 30, 2018. Even considering that the PCRA court could not entertain a serial petition until this Court affirmed the dismissal of his prior petition, *see generally Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000), we affirmed the denial of his third petition in November 2017. *Boggs*, *supra*. As Boggs did not file his serial petition until over six months later, he cannot establish a time-bar exception, and the PCRA court properly denied his fourth PCRA petition as untimely filed.[4]

Order affirmed.

_____

[4] We further note that because Boggs was over the age of eighteen when he killed the victim he is not entitled to the application of *Miller*/*Montgomery*, and this Court has repeatedly rejected his argument regarding brain development of post-adolescents (over age 18). *See*, *e.g.*, *Commonwealth v. Pew*, 189 A.3d 486 (Pa. Super. 2018); *Commonwealth v. Woods*, 179 A.3d 37, 44 (Pa. Super. 2017).

In addition, although Boggs relies upon the recent federal court decision in *Noel v. United States*, 2018 WL 1541898 (D. Conn. 2018), absent a United States Supreme Court pronouncement, the decisions of federal courts are not binding on state courts. *Commonwealth v. Walker*, 139 A.3d 225 (Pa. Super. 2016). Moreover, as *Noel* is not a United States Supreme Court decision or a Pennsylvania Supreme Court decision, it cannot used to establish the Section 9545(b)(1)(iii) time-bar exception.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/31/19